■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR GERMAN, Also Known as CESAR GOMEZ, Appellant.— Judgment, Supreme Court, New York County (Jay Gold, J., at *Mapp* hearing; Martin Rettinger, J., at jury trial and sentence), rendered March 24, 1987, convicting defendant of criminal possession of a controlled substance in the first degree, three counts of criminal possession of a controlled substance in the third degree, and using drug paraphernalia in the second degree, and sentencing defendant, as a predicate felon, to concurrent prison terms of 15 years to life, 5 to 10 years, and one year, respectively, all to run concurrently with a sentence of 2 to 4 years pursuant to a judgment rendered upon defendant's subsequent plea to criminal possession of a weapon in the third degree, unanimously affirmed. Judgment of the same court (Murray Mogel, J.), rendered April 23, 1987, upon defendant's plea of guilty, unanimously affirmed.

On two separate occasions, police officers responded to defendant's apartment based on anonymous calls to 911. The first call reported a man having been shot in defendant's apartment. When the police arrived, defendant was wearing a gun holster, and in securing defendant, police officers observed narcotics in plain view. On the second occasion, responding to a report of a rape in progress, defendant opened the door, saw the officers, and then ran into the apartment. The officers again, in restraining defendant, observed narcotics in plain view.

Defendant's motion to suppress the physical evidence was denied pursuant to *People v Mitchell* (39 NY2d 173, *cert denied* 426 US 953). While the anonymous phone reports in themselves might not have justified a warrantless entry, we

agree that in view of the situation confronting the officers on each occasion, exigent circumstances existed relieving them from the requirement that a warrant be obtained. Concur—Kupferman, J. P., Carro, Asch and Wallach, JJ.